UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL PERRY OSWALD,

    Plaintiff,

    v.                                 Case No. 24-cv-1542-bhl

DR. RAASCH et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Daniel Perry Oswald is representing himself in this 42 U.S.C. §1983 case. On November 27, 2024, along with his complaint, Oswald filed a motion for leave to proceed without prepaying the filing fee. That same day, the clerk's office sent Oswald a letter informing him that, within twenty-one days, he must submit a certified copy of his trust account statement for the six-month period preceding the filing of his complaint. The letter warned Oswald that failure to do so could result in dismissal of his case without further notice. Dkt. No. 3. The deadline passed, and Oswald did not submit a copy of his trust account statement, so on December 20, 2024, the Court remined him of his obligation to do so and ordered him to submit the statement by January 3, 2025. The Court again warned Oswald that if he failed to do so, his motion to proceed without prepaying the filing fee would be denied and this action would be dismissed. Dkt. No. 4. A few days later, Oswald filed a motion for an extension of time and a motion to appoint counsel. Oswald asked that the Court extend his deadline to submit a trust account statement by sixty days. The Court granted his motion for an extension of time in part and denied his motion to appoint counsel. The Court explained that, at that time, all he had to do was arrange the submission of his trust account

statement, which is a straightforward process. The Court encouraged Oswald to communicate with the business office if he did not know how to arrange the submission of the statement and extended Oswald's deadline to submit the statement to January 15, 2025.

The twice-extended deadline has passed, and Oswald has not filed a trust account statement or explained why he is unable to do so. As Oswald was repeatedly informed, under 28 U.S.C. §1915(a)(2), a prisoner seeking to proceed with a civil action without prepaying the filing fee must submit a certified copy of his trust account statement covering the six-month period preceding the filing of the complaint. Because Oswald has not complied with this requirement, the Court will deny his motion for leave to proceed without prepaying the filing fee and will dismiss this case without prejudice based on his failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that Oswald's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED** and this case is **DISMISSED without prejudice** based on Oswald's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Oswald must pay the $350 statutory filing fee. Accordingly, the agency having custody of Oswald shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Oswald is transferred to another institution, the transferring institution shall forward a copy of this Order along with Oswald's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Oswald is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 24, 2025.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge